**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | |
|---|---|
| **HARRY E. DEAKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:08-01291** |
| ) | |
| **METLIFE AUTO & HOME INSURANCE** ) | |
| **AGENCY, INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following Motions: (1) Defendant Thesha Woodley's Motion to Dismiss (Document No. 5.), filed on November 21, 2008; (2) Defendant Thesha Woodley's Renewed Motion to Dismiss (Document No. 13.), filed on January 6, 2009; and (3) Defendant Metlife Auto & Home Insurance's Motion for Summary Judgment, or in the Alternative, Motion to Dismiss for Failure to Prosecute (Document No. 27.), filed on March 5, 2009.

**FACTUAL AND PROCEDURAL HISTORY**

On October 20, 2008, Plaintiff, acting *pro se*, filed the instant action in the Circuit Court of Mercer County, West Virginia. (Document No. 1, Exhibit A.) In his Complaint, Plaintiff alleges that Defendants violated the provisions of the West Virginia Unfair Trade Practices Act. (Id., pp. 10 - 19.) Defendants filed a Notice of Removal with this Court on November 17, 2008. (Id., pp. 1 - 5.) On November 19, 2008, Defendants filed their Answer to Plaintiff's Complaint. (Document No. 3.) Defendant Thesha Woodley filed her Motion to Dismiss on November 21, 2008. (Document No. 5.) In support of her Motion, Ms. Woodley argued that there was insufficient service of process and a lack of personal jurisdiction. (Document Nos. 5 and 6.) By Order and Notice entered on November 21, 2008, the District Court set forth specific dates on which certain events must occur which

included the Rule 26(f) meeting and the filing of the Rule 26(f) Report. (Document No. 4.) Plaintiff filed his Response to Defendant Woodley's Motion to Dismiss on December 8, 2008. (Document No. 7.) Also on December 8, 2008, Plaintiff filed a "Motion for Extension of Time for Parties to Conduct Rule 26(f) Conference and File Report" requesting a four-week extension of time in which to conduct the Rule 26(f) meeting. (Document No. 8.) In support of his Motion, Plaintiff asserted that his wife "is critically and chronically ill" and he "is the sole caretaker for her and as such, the Plaintiff must be present with his wife during this healthcare crisis." (Id.) By Order entered on December 12, 2008, the undersigned granted Plaintiff's Motion and fixed specific dates for certain events to occur. (Document No. 10.) These dates included the rescheduling of the Scheduling Conference until February 9, 2009, at 10:30 a.m., before the undersigned at the Elizabeth Kee United States Courthouse and Federal Building, 601 Federal Street, Bluefield, West Virginia. (Id.) Defendant Thesha Woodley filed a Renewed Motion to Dismiss on January 6, 2009. (Document No. 13.) On January 22, 2009, the parties filed their "Integrated Report of Rule 26(f) Meeting of Parties."[1] (Document No. 14.) On February 9, 2009, the undersigned conducted the above scheduled Scheduling Conference and entered the Scheduling Order. (Document Nos. 20 and 21.) Plaintiff was required to appear in person or by counsel at the Scheduling Conference and did not do so. (Document No. 20.) Defendants appeared by counsel, Barbara J. Keefer, who attended the hearing via telephonic conferencing. (Id.) By Order entered on February 9, 2009, the undersigned scheduled a status conference for February 18, 2009, requiring Plaintiff's attendance to address his failure to appear and to discuss Plaintiff's interest in continuing this matter. (Document No. 20.) The undersigned further notified Plaintiff that pursuant to Rule 41(b) of the Federal Rules of Civil

---

[1] Defendants indicate that Mr. Deakins participated in the Rule 26(f) planning meeting.

Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, the District Court possesses the inherent power to *sua sponte* dismiss an action for a *pro se* Plaintiff's failure to prosecute. (Id.) Plaintiff, however, failed to attend the status conference conducted on February 18, 2009. (Document No. 24.) On March 5, 2009, Defendant Metlife Auto & Home Insurance filed a Motion for Summary Judgment, or in the Alternative, Motion to Dismiss for Failure to Prosecute. (Document No. 27.) On March 6, 2009, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the Defendants' Motions. (Document No. 30.) Plaintiff did not file a Response to Defendants' Motion for Summary Judgment, or in the Alternative, Motion to Dismiss for Failure to Prosecute. On April 9, 2009, Defendants filed a "Reply to their previously filed Motion for Summary Judgment or, In the Alternative, Motion to Dismiss for Failure to Prosecute." (Document No. 33.)

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [2] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect Thereof**. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff. Defendants state as follows:

Plaintiff failed to respond to Defendants' discovery requests filed on January 22, 2009, which included Requests for Admissions; failed to respond to the Defendants' Motion to Compel filed on March 24, 2009; repeatedly failed to execute a Medical Authorization so the Defendants can obtain the medical records and billing necessary to process his medical payment claim; failed to appear for two Court mandated hearings; failed to provide an explanation for this failure to appear for the hearings as required by the Court; has failed to respond to Defendants' Motion for Summary Judgment; and has failed to claim many of the communications sent to him by defense counsel via certified mail.

(Document No. 33, p. 5.) Thus, it appears that the last date Plaintiff took action in the above case was January 26, 2009. (Document No. 17.) Plaintiff therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence

indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendants will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's total failure to respond or take action since January 26, 2009. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to (1) the undersigned's Order entered on February 9, 2009, advising Plaintiff that the District Court possesses the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte* (Document No. 20.), and (2) the undersigned's issuance of Roseboro Notice advising Plaintiff of his right to file a response to the Defendants' Motions to Dismiss (Document No. 30.).[3] Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

### **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant Metlife Auto & Home Insurance's Motion to Dismiss for Failure to Prosecute (Document No. 27), and **DENY as moot** Defendant Metlife Auto & Home Insurance's Motion for Summary Judgment (Document No. 27), Defendant Thesha Woodley's Motion to Dismiss (Document No. 5.), and Defendant Thesha Woodley's Renewed Motion to Dismiss (Document No. 13.), **DISMISS** this

---

[3] There is no indication that the Court's Orders were returned as undeliverable.

action without prejudice, and remove this case from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is hereby directed to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, at the Southern Regional Jail, Beaver, West Virginia, and counsel of record.

ENTER: April 13, 2009.

R. Clarke VanDervort
United States Magistrate Judge