```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

HARRY DEAKINS,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:08-1291

METLIFE AUTO & HOME INSURANCE
AGENCY, INC., et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

      By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on April 13, 2009, in which he recommended that the District Court grant defendant Metlife's motion to dismiss for failure to prosecute, deny as moot defendant Metlife's motion for summary judgment, deny as moot defendant Woodley's motion to dismiss, deny as moot defendant Woodley's renewed motion to dismiss, dismiss this action without prejudice, and remove the case from the court's docket.

      In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de</u>

novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Defendants were the only parties to file objections to the Magistrate Judge's Findings and Recommendation within the thirteen-day period.  Their sole objection was that the case should be dismissed with prejudice, rather than without prejudice as recommended by Magistrate Judge VanDervort.

> A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits. Against this policy, the district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (internal citations and quotations omitted).  Our Court of Appeals has cautioned, however, that "dismissal is such a harsh sanction [that] . . . it should be resorted to only in extreme cases." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976).

The court does not believe this is a case where dismissal with prejudice, the harshest sanction available, is merited.  The less drastic sanction of dismissal without prejudice is sufficient under the facts and circumstances of this case.  See, e.g., McCargo, 545 F.2d 393; Faulk v. Dixon, 1991 WL 84048 (4th Cir.

1991) (unpublished). Based on the foregoing, defendants' objection is OVERRULED.

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court adopts the findings and recommendations contained therein.

Accordingly, the court hereby:

1. **GRANTS** Metlife's motion to dismiss for failure to prosecute;
2. **DENIES** as moot defendant Metlife's motion for summary judgment;
3. **DENIES** as moot defendant Woodley's motion to dismiss;
4. **DENIES** as moot defendant Woodley's renewed motion to dismiss;
5. **DISMISSES** this action without prejudice;
6. **DIRECTS** the Clerk to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 2nd day of July, 2009.

        ENTER:

        *David A. Faber*
        David A. Faber
        Senior United States District Judge